IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SABRINA W.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 20 C 02445 |
| v. | ) |
| | ) Magistrate Judge Beth W. Jantz |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Sabrina W.'s application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Dkt. 19, Pl.'s Mot.] is granted, and the Commissioner's cross-motion for summary judgment [Dkt. 25, Def.'s Mot.] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by her first name and the first initial of her last name.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Kilolo Kijakazi has been substituted for her predecessor.

# BACKGROUND

## I. Procedural History

On October 30, 2016, Plaintiff filed a claim for DIB and SSI, alleging disability since January 1, 2014 due to bipolar disorder, major anxiety, broken knees, broken baby toe, manic depression, severe anxiety, high blood pressure, major depression, severe sweats, short attention span, and irritability. [R. 73.] Plaintiff's claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 31, 2018. [R. 33.] Plaintiff personally appeared and testified at the hearing and was represented by counsel. [R. 33.] Vocational expert ("VE") Diamond Warren also testified at the hearing. [R. 33, 62.] On January 30, 2019, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. [R. 27.] The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017).

## II. The ALJ's Decision

The ALJ analyzed Plaintiff's claim in accordance with the Social Security Administration's five-step sequential evaluation process. [R. 13-15.] The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her October 30, 2016 application date. [R. 15.] At step two, the ALJ concluded that Plaintiff had the following severe impairments: major depressive disorder, panic disorder with agoraphobia, and mild degenerative joint disease of the bilateral knees. [R. 15.] The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the Social Security Administration's listings of impairments (a "Listing"). [R. 16-18.] Before step four, the ALJ determined that Plaintiff

retained the residual functional capacity ("RFC") to perform light work, except that she could lift and carry 20 pounds occasionally and lift and carry 10 pounds frequently; she can sit, stand, and walk for six hours in a typical eight-hour workday; she can push and pull as much as she can lift and carry; she can occasionally climb ramps and stairs but should never climb ladders, ropes or scaffolds; she can frequently stoop and occasionally kneel and crouch, but she can never crawl; and she cannot operate a commercial vehicle. The ALJ further found that Plaintiff can occasionally interact with co-workers but should not work on joint tasks with co-workers; she can tolerate only superficial contact with the public such as what one may experience while working in a factory; and she is limited to work involving only tasks that are simple, routine, and repetitive in nature. [R. 18-26.] At step four, the ALJ concluded that Plaintiff would not be able to perform her past relevant work as a Teacher Aide II and a Child Care Provider. [R. 26.] At step five, the ALJ concluded that based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, that Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act. [R. 26-27.]

## DISCUSSION

### I. Judicial Review

Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine disability within the meaning of the Social Security Act, the ALJ conducts a five-step inquiry, asking whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of

impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the RFC to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a). "A finding of disability requires an affirmative answer at either step three or step five." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). "The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner." *Id.*

Judicial review of the ALJ's decision is limited to determining whether it adequately discusses the issues and is based upon substantial evidence and the proper legal criteria. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation omitted). "To determine whether substantial evidence exists, the court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses." *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014). While this review is deferential, "it is not intended to be a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The Court will reverse the ALJ's finding "if it is not supported by substantial evidence or if it is the result of an error of law." *Id.*, at 327.

The ALJ also has a basic obligation to develop a full and fair record, and to "build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley*, 758 F.3d at 837. Although the ALJ is not required to mention every piece of evidence in the record, the ALJ's analysis "must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245

4

F.3d 881, 889 (7th Cir. 2001); *accord Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). The ALJ "must explain [the ALJ's] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe*, 425 F.3d at 351).

**II.   Analysis**

Plaintiff makes five arguments challenging the ALJ's decision, including: (1) the ALJ's RFC assessment and hypothetical to the vocational expert failed to account for Plaintiff's moderate limitations in concentration, persistence, and pace; (2) the ALJ erred in evaluating Plaintiff's subjective statements; (3) the ALJ erred in considering evidence related to Plaintiff's anxiety; (4) the ALJ erred in evaluating opinion evidence; and (5) the ALJ erred in finding that the Commissioner met her burden to show a significant number of jobs existing in the national economy that Plaintiff could perform. After reviewing the record and the briefs submitted by the parties, this Court concludes that the ALJ erred in accounting for Plaintiff's moderate concentration, persistence, and pace limitations. Because this failure alone warrants remand, the Court need not reach Plaintiff's additional arguments.

At step three, the ALJ found that Plaintiff had moderate deficits in understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting and managing herself. [R. 16-18.] With respect to concentration, persistence, and pace ("CPP"), the ALJ noted that Plaintiff reported that she can pay attention to television but not other people, and that Plaintiff struggled at the hearing. [R. 17.] The ALJ also noted that the record at times indicated that Plaintiff is able to have attention focused during lengthy conversations. [R. 17.] To account for Plaintiff's mental limitations, the ALJ crafted an RFC restricting Plaintiff to occasionally interacting with co-workers but not working on joint tasks

5

with co-workers; the ALJ further limited Plaintiff to work involving simple, routine, and repetitive tasks, and to only superficial contact with the public such as what one may experience working in a factory. [R. 18.]

The ALJ erred in crafting the RFC in multiple ways. First, the ALJ provided *no explanation for how* the restrictions included in the RFC account for any of plaintiff's mental impairments or limitations. Although the ALJ explained, in great detail, why he found that claimant was less limited than she indicated in her testimony, the ALJ did not explain how or why his RFC accounted for the (lesser) limitations that he credited. *See Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) ("[T]he ALJ did not explain how he arrived at these conclusions [regarding specific limitations]; this omission in itself is sufficient to warrant reversal of the ALJ's decision."). With respect to Plaintiff's mental limitations, the sum total of the ALJ's discussion of the restrictions included in the RFC is as follows: "In sum, the above residual functional capacity assessment is supported by objective evidence, as well as reasonable inferences drawn from the claimant's noncompliance. . . . The claimant's mental health impairments are accounted for by limiting the nature of her work such that she has only superficial contact with the public and no more than occasional contact with coworkers, and by further limiting her to work that consists of simple, routine, and repetitive tasks." [R. 25-26.] It is unclear why the ALJ believed these restrictions accounted for the variety of moderate limitations he found at step three, even if the ALJ properly concluded that Plaintiff was less limited than she suggested.

Second, the limitations identified in the RFC are precisely the kind that the Seventh Circuit has rejected as generally misdirected at concentration, persistence, and pace. Although the Court cannot definitively say which RFC restrictions are directed at Plaintiff's CPP limitations—because the ALJ provided no explanation for how the RFC accounts for plaintiff's mental limitations—the

6

Court notes that the RFC's restriction to "simple, routine, and repetitive tasks" has been roundly criticized by the Seventh Circuit as generally inadequate to account for moderate CPP limitations. *See, e.g., DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) ("An ALJ need not use specific terminology, but we have repeatedly rejected the notion that a hypothetical ... confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace.") (cleaned up). Observing that an individual can perform simpler tasks "says nothing about whether the individual can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019).

The Commissioner defends the ALJ's RFC as based on a narrative explanation by the state agency consultant whom the ALJ credited. The narrative explanation notes that Plaintiff's "cognitive and attentional skills are intact and adequate for simple one-two step as well as multiple step tasks. . . . [S]ymptoms of depression/anxiety as well as hx of substance abuse moderately limit ability to manage detailed tasks. Interpersonal skills are moderately limited by social anxiety. Recommend moderate limit of social expectations. . . . CT capable of multiple step productive activity w modified social demand." [R. 82-83]. The consultant noted in the checkbox portion of the mental RFC assessment that, among other limitations, Plaintiff was moderately limited in her ability to carry out detailed instructions and in her ability to maintain attention and concentration for extended periods. [R. 81.] According to the Commissioner, the ALJ properly relied upon the consultant's opinion in crafting the RFC.

There are at least three problems with the Commissioner's argument. First, although the Commissioner insists that the ALJ credited what the Commissioner says is the consultant's finding that plaintiff's CPP problems only manifest with respect to detailed tasks, the ALJ never

7

meaningfully discussed the consultant's findings with respect to concentration, persistence, and pace. Nor did the ALJ explain or discuss the specific nature of Plaintiff's moderate CPP limitations or the circumstances in which Plaintiff's limitations manifest. The entirety of the ALJ's discussion of the consultant's opinion is: "As for the opinion evidence, I give great weight to the opinions of the state agency consultants at the initial level (1A). There, the claimant was found limited to less than a full range of light work, with additional limitations to unskilled work with limited interaction with others. This is consistent with the longitudinal record, including evidence tendered subsequent to the opinion being rendered." [R. 25.] The ALJ simply listed some of the restrictions identified in the consultant's narrative section and noted that they were supported by the record. The ALJ did not discuss the nature, origin, or extent of Plaintiff's moderate CPP limitations—in discussing the consultant's opinions or elsewhere—such that the Court can conclude that a limitation to simple, routine, and repetitive tasks appropriately accounts for plaintiff's specific CPP limitations. Put differently, the ALJ did not "explain[], with support from the medical record, how a restriction to" simple, routine, and repetitive tasks "addresses the claimant's specific concentration, persistence, or pace limitations." *Christopher G. v. Kijakazi*, No. 19 CV 5046, 2022 WL 1989119, at *4 (N.D. Ill. June 6, 2022); *cf. Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) (limitation to routine tasks and limited interactions with others was appropriate where claimant's "impairments surface only when he is with other people or in a crowd").

Second, citing *Burmester v. Berryhill*, 920 F.3d 507, 511–12 (7th Cir. 2019), the Commissioner argues that the RFC can be affirmed because the consultant the ALJ credited found that Plaintiff could perform simple work. But this case is precisely the type that the Seventh Circuit suggested in *Burmester* would require remand. In *Burmester*, the ALJ was permitted to rely on a physician's "Statement of Work Capacity" that indicated that concentrating at work would be

8

manageable for the claimant. *Id*. at 512. But the ALJ was entitled to do so in *Burmester* because—unlike in *DeCamp* (cited above)—the physician's evaluation contained no "checkbox indicating a moderate [CPP] limitation," and there was no other finding that the claimant had impaired concentration. *Id*. The case now before this Court is like *DeCamp*, and not *Burmester*, because the agency consultant whom the ALJ credited *did* note that Plaintiff had moderate CPP limitations, including moderate limitations in her ability to "maintain attention and concentration for extended periods." [R. 81.] "[T]he mere fact that the state psychological consultants indicated Plaintiff was capable of performing simple tasks does not, on its own, excuse the ALJ from accounting for Plaintiff's moderate limitation in concentration, persistence, and pace." *Harry P. v. Kijakazi*, No. 19 CV 03107, 2022 WL 1541416, at *7 (N.D. Ill. May 16, 2022). Indeed, "courts in this Circuit have routinely rejected similar attempts by the Commissioner to save a deficient ALJ opinion by point[ing] to reviewing consultants' bottom-line conclusions." *Id*. (collecting cases); *see also DeCamp*, 916 F.3d at 676 ("But even if an ALJ may rely on a narrative explanation, the ALJ still must adequately account for limitations identified elsewhere in the record, including specific questions raised in check-box sections of standardized forms such as the PRT and MRFC forms."). So too here.

      Finally, even if rote reliance on a reviewing agency consultant's bottom-line conclusion was appropriate, the ALJ's assessment in this case of the consultant's opinion was not supported by substantial evidence. As noted above, the only "reason" the ALJ gave for assigning great weight to the consultant's opinions was that his opinions were "consistent with the longitudinal record, including evidence tendered subsequent to the opinion being rendered." [R. 25.] But this is not a reason; it is instead "entirely unhelpful" boilerplate that "provides no indication of which portions of the record might actually be consistent" with the consultant's opinions. *Schmidt v.*

9

*Colvin*, 545 F. App'x 552, 557 (7th Cir. 2013). Because the ALJ did not provide a meaningful or supported reason why he afforded great weight to the consultant's opinion, it cannot support his RFC determination with respect to Plaintiff's CPP limitations.[3]

Because the ALJ's failure to properly craft and explain the RFC requires remand, the Court need not evaluate the remaining issues identified by the Plaintiff. On remand, however, the Administration should not construe the Court's silence on the remaining issues as an indication that the ALJ's initial adjudication was appropriate or not with respect to those issues.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [19] is granted, and the Commissioner's motion for summary judgment [25] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

Date: 6/14/2022

BETH W. JANTZ
United States Magistrate Judge

---

[3] As noted above, the Court understands, from the ALJ's lengthy explanation, why the ALJ did not believe Plaintiff was as limited as her testimony suggested. But the ALJ's opinion leaves the Court unable to understand why the ALJ believed the agency consultant's specific opinions were "consistent with the longitudinal record." [R. 25.]